The opinion of the Court was drawn up by
Parker C. J.
The question is, whether by the answers of the person summoned as trustee it appears that the mone'f
*481 he received on account of the purchase of the real estate intended to be sold, was, by reason of the failure, of the title intended to be passed, the money of Reed the debtor, so that at the time of the service of this writ he could have maintained an action therefor. And we are satisfied it was so, and indeed that it was so understood both by Reed and the respondent himself; for although his disclosure is not so explicit as it ought to have been, there is enough stated to convince u:, chat in some of the essential requisites to the passing of a title by a guardian, of his ward’s land, there is an incurable deficiency. We are bound to conclude, that the oath required by the statute to be taken before the sale, was never taken. A certificate of this fact by the magistrate who administered it would be the proper evidence. That not being shown, the omission might be supplied by clear and direct evidence of the fact ; but the trustee merely supposes that he took the oath, and the magistrate who he supposes administered it, is quite as indistinct in his recollection. The fact is so far from being proved, that the contrary may well be presumed.
And so with respect to the bond, about which the trustee also speaks doubtfully. Does he not know whether he gave bond or not ? Where are the sureties ? Does he not remember who befriended him in this particular ? Why not ask them, if there be any, what became of the bond which they signed ? But he has made search in the probate office and no bond can be found. This is quite sufficient to satisfy us that no bond was ever given.[1] 2There being then no bond, and no oath, the sale is void, or at least voidable, so that the parties to it were at liberty to vacate it and consider it as annulled.[2] The deed has never in fact been delivered, but was left as an escrow until the consideration should be fully *482 paid. The time of payment has elapsed, so tnat tie guardian ^las a r%ht to vacate the sale, and the title under the deed being defective, as before stated, the purchaser has the right to refuse to take the deed and to demand the money nack which he has paid ; and we think he had a right of action for it, on showing that the consideration for which he paid the money failed from the negligence and fault of the guardian.[3] The fee of the land still remains in the wards, it not having passed from them by a sale not authorized by the statute.
And this has been so considered by the parties. The purchaser has not paid the whole of the purchase money and taken his deed ; so that he has acquired no title or seisin. The guardian, being an assessor, has taxed himself for the land as though no sale had been made. He holds the money in trust therefore for the purchaser, and is liable to his creditors on this process. He must be charged as trustee.

 See 2 Stark. Ev. (5th Amer. ed.) 69, 70; Chitty on Contracts (3d Am ed.) 187, 188.

 If the statements of a trustee be doubtful in any part, they will be construed against him; for he might have used expressions in which there should have been no doubt. Cleveland v. Clapp, 5 Mass R. 201 ; Sebor v. Armstrong, 4 Mass. R. 206; Harris v. Aiken, 3 Pick. 1. See Kelly v. Bowman, 12 Pick. 387; United States v. Langton, 5 Mason, 282; Gordon v. Coolidge, 1 Sumner, 537.

 See Revised Stat. c. 71, § 26, 27, 35; c. 72, § 10, 11.